MARGARET M. REGAN, Respondent, v. BERT N. BELLOWS, Defendant, and ROLLAND H. OELLERICH, Appellant. MARGARET M. REGAN, as Administratrix of the Estate of WILLIAM D. REGAN, Deceased, Respondent, v. BERT N. BELLOWS, Defendant, and ROLAND H. OELLERICH, Appellant. MARGARET M. REGAN, Respondent, v. ELECTROLUX CORPORATION, Appellant. MARGARET M. REGAN, as Administratrix of the Estate of WILLIAM D. REGAN, Deceased, Respondent, v. ELECTROLUX CORPORATION, Appellant.— Appeals by defendant Oellerich and defendant Electrolux Corporation from judgments of the Supreme Court in favor of the individual plaintiff for damages sustained by her and in favor of the plaintiff administratrix for the wrongful death of her intestate, entered against all three defendants. The individual plaintiff and plaintiff's intestate were passengers in a car driven by Oellerich in an easterly direction on a State highway when it collided with a car operated by the defendant Bellows. Bellows had been proceeding in a westerly direction and was attempting to make a left turn into a roadside dairy bar. No one contends on this appeal that Bellows was not negligent. Appellant Oellerich contends that there is inadequate evidence of any negligence on his part, and that certain errors in the reception of evidence and the charge of the court to the jury require a reversal as to him. Appellant Electrolux contends that the evidence does not establish that Bellows was its employee and contends that he was an independent contractor; that even if he were an employee he had deviated from the course of his employment before the accident, and that certain exhibits were improperly received in evidence. The accident happened on a two-lane dry highway 30 feet wide. Bellows was proceeding slowly, "riding" the center line to an extent that cars going in the same direction passed him on his right. Finally he turned to his left across the lane in which Oellerich was approaching, and a collision followed. There is a dispute as to whether Bellows' directional signal was operating. Oellerich testified that he saw Bellows approaching in the manner above-described when he was approximately 120 feet away; that he was proceeding 45 to 50 miles per hour; that when he was approximately 100 feet away he realized that Bellows was going to cross in front of him and he applied his brakes; that he had first intended to go behind Bellows, and then, observing that Bellows was crossing the road very slowly, decided to go in front of him, and that at the time he collided with the Bellows car he was proceeding at 20 to 25 miles per hour. Under these circumstances it was an open question of fact whether or not Oellerich was negligent, and the evidence is inadequate to justify the jury's verdict that both Oellerich and Bellows were negligent. A State Trooper testified that there were skid marks on the dry road in Oellerich's lane which he measured at 92 feet long. Although he arrived at the scene before the cars had been moved, he did not make the measurement until after they had been moved, and could not testify from independent recollection whether he had observed the skid marks before the cars were moved. Oellerich complains that there was not sufficient connection of the skid marks to Oellerich's car to warrant the reception of this evidence. However, the trooper testified that the skid marks he measured were the only skid marks there, and a photographic exhibit, admitted without objection and concededly taken before the cars were moved, clearly demonstrates

that the skid marks lead directly to the tires of Oellerich's car. There was no error in the reception of the State Trooper's testimony. Appellant Oellerich urges that it was error for the trial court to read subdivision 1 of section 56 of the Vehicle and Traffic Law in his charge. Such a charge was requested by counsel for defendant Bellows and not by plaintiff's counsel. The trial court made it perfectly clear that he was reluctant to read the subdivision in question, but upon the insistence of counsel did read it, and then immediately asked counsel for Oellerich if he wanted an exception, to which counsel expressly replied, "No". Moreover, immediately after reading the subdivision the trial court explained it and limited its application in a manner which correctly left the matter with the jury. We do not think this was erroneous, and under the circumstances it may not be raised on this appeal. Electrolux urges that it was error to receive in evidence three exhibits which were taken from the file of the Workmen's Compensation Board consisting of notices and reports in that file. Whether or not they are admissible as public records, certainly the employer's report of injury filed by Electrolux in which it listed itself as employer and Bellows as employee was properly admitted as an admission against interest. The other two exhibits are merely cumulative and harmless. On the question of employment, the evidence is, in general, that Electrolux exercised substantial control over Bellows' work. Although he furnished his own car, he carried with him parts and demonstration equipment furnished by Electrolux; he could not control the price of the merchandise he sold; trade-in values were fixed by the company; printed sales contracts were furnished by the company and could not be changed; all credit transactions had to be approved by the company. Bellows was paid a commission from the company office upon approved sales, and the title to merchandise sold on credit remained in Electrolux until fully paid for. Representatives of the same company operating under substantially the same arrangement as Bellows have been held by the Court of Appeals to be employees. (*Matter of Electrolux Corp.*, 288 N. Y. 440.) The trial court very carefully left to the jury the question of fact as to whether Bellows was an employee or an independent contractor, and there is adequate evidence to support their finding that he was an employee. He was working on the day of this accident, carrying Electrolux equipment, had made a delivery to a customer that morning, and intended to continue with his work throughout the day. While away from home on the business of the company stopping for lunch does not constitute a deviation which takes him out of his employment. Judgments unanimously affirmed, with costs to respondents against appellants. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.